UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:07-CR-12 |
| | § | |
| JAMES HENRY KESSLER | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on James Henry Kessler's petition for a writ of *audita querela* (Doc. # 41) and motion for modification or reduction of sentence (Doc. # 40), the government's response (Doc. # 55), and Kessler's Traverse to the Government's response (Doc. # 61) and addendum to the traverse (Doc. # 65). Having considered the motion and petition, the response, the traverse and addendum, the record, and all the arguments and authorities submitted by the parties, the Court concludes that Kessler's motion should be denied, and his petition should be granted in part. The reasons for this conclusion follow.

**I.   Background**

On January 19, 2007, the United States charged Kessler with participating in a RICO conspiracy as an associate of the Texas Syndicate prison gang. The specific acts he committed in furtherance of the conspiracy were robbery, attempted robbery, and distribution and possession with intent to distribute cocaine, as well as conspiracy to possess with intent to distribute cocaine. *See* Criminal Information (Doc. # 1). Kessler pled guilty on March 27, 2007. On September 9, 2009, he was sentenced to 180 months in prison. The judgment stated that Kessler should receive credit for time served in

federal detention in connection with this prosecution, beginning on January 17, 2008. *See* Judgment (Doc. # 36).

## II. Applicable Legal Standards

A writ of *audita querela* is

> a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise.

BLACK'S LAW DICTIONARY 131 (6th ed. 1990). "It is an open question whether the obsolescent writ survives as a post-conviction remedy." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). In *United States v. Reyes*, 945 F.2d 862 (5th Cir. 1991), the Fifth Circuit noted the definition of this writ, and observed that "*audita querela* [is] a means of attacking a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id.* at 863 n.1.

## III. Analysis

Kessler requests retroactive application of an amendment to the United States Sentencing Guidelines. He also asks the Court to credit him for time served on a state charge related to his federal conviction, and to amend the judgment in this case to conform it to the Court's oral statements regarding credit for time served.

### A. Sentencing Guidelines

In his motion for modification, Kessler argues that Amendment 782 to the Sentencing Guidelines makes him eligible for a 2-level downward adjustment. He asks this Court to apply the amendment retroactively to his case.

Amendment 782 lowers the penalty for certain drug offenses by 2 levels. Kessler was convicted for violating the RICO Act, not for a narcotics offense. While drug-related crimes underlie the RICO conspiracy, Kessler's conviction is for the RICO conspiracy, not for the drug-related crimes. Therefore, the amendment is inapplicable to him.

In addition, Kessler's 180 month sentence, based on an offense level of 42, is well below the guidelines range of 360 months to life. Even if Kessler's offense level is reduced to 40 under Amendment 782, the guidelines range is 324 to 405 months, still well above Kessler's actual sentence. Thus, even if Amendment 782 applied to this case, it would provide no benefit to Kessler. Therefore, the motion for modification or reduction of sentence (Doc. # 40) is denied.

B.  Credit for Time Served

In his petition for a writ of *audita querela*, Kessler asks this Court to credit him for 45 months spent in custody in connection with crimes related to his RICO conviction. He also contends that there is an inconsistency between the Court's oral statements at sentencing and the judgment, which credits him with time served from the date on which he came into federal custody. At Kessler's sentencing, the Court stated that "the time for credit should run and is required to run from the earliest of either [Kessler] coming into federal custody or January 19 of 2007." Sentencing Transcript (Doc. # 57), at 28. The Judgment states that "[t]he defendant is to be credited for time served commencing January 17, 2008 . . . ." Judgment (Doc. # 36), at 2. The government acknowledges the inconsistency between the Court's oral statement and the judgment, and concedes that "[t]he judgment . . . should be corrected." Therefore, Kessler's petition for a writ of

*audita querela* will be granted in part, and he will be credited for time served from January 19, 2007, giving him credit for an additional 363 days served.

Kessler provides no grounds for crediting the time served in state custody. Rather, in his Traverse, Kessler contends that his offense level was 34 with a criminal history category of II, leaving a guidelines sentencing range of 168 to 210 months. *See* Traverse (Doc. # 61), at 3. This is incorrect. Kessler's offense level was, in fact, 44, not 34. *See*, *e.g.*, Motion to Waive Presentence Report (Doc. # 34), at 2. Kessler and the government agreed that Kessler would receive a reduction for acceptance of responsibility, leaving him at level 42. *Id.* Kessler acknowledged that he faced a sentence of up to life imprisonment. Guilty Plea (Doc. # 23), at 1, 6, 12. Thus, relevant factors, including the time Kessler spent in state custody, have already been considered and factored into the well-below-guidelines-range 180 month sentence imposed. Kessler has not demonstrated any reason for further relief.

### IV. Conclusion

Kessler's motion for modification or reduction of sentence is denied, and his petition for a writ of *audita querela* is granted in part

### V. Conclusion And Order

For the foregoing reasons, it is ORDERED as follows:

A. James Henry Kessler's for modification or reduction of sentence (Doc. # 40) is DENIED;

B. Kessler's petition for a writ of *audita querela* (Doc. # 41) is GRANTED IN PART; and

C. An amended judgment shall be entered in this case crediting Kessler with time served beginning on January 19, 2007.

The Clerk shall notify all parties, and the Bureau of Prisons, and provide them with a true copy of this Memorandum and Order and the Amended Judgment.

It is so ORDERD.

SIGNED on this 2nd day of May, 2018.

_____
Kenneth M. Hoyt
United States District Judge